UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

NIDIA TABOADA and JUAN PABLO
TABOADA ALVARADO, on behalf
of themselves and all others similarly situated,

                Plaintiff,

-against-

LASERSHIP, INC. d/b/a OnTrac Final Mile,
ONTRAC LOGISTICS LLC,
SUBCONTRACTING CONCEPTS, LLC
d/b/a SCI, LI LOGISTICS CORP, and
JULIO GIRALDO,

                Defendants.

----------------------------------------------------X

Case No.:

**CLASS AND COLLECTIVE ACTION
COMPLAINT**

**Jury Demand**

Plaintiffs NIDIA TABOADA and JUAN PABLO TABOADA ALVARADO ("Plaintiffs"),

on behalf of themselves and all others similarly situated, by and through their attorneys, Sacco & Fillas

LLP, alleges as follows against LASERSHIP, INC. d/b/a OnTrac Final Mile ("OnTrac"), ONTRAC

LOGISTICS LLC, SUBCONTRACTING CONCEPTS, LLC d/b/a SCI ("SCI"), LI LOGISTICS

CORP ("Corporate Defendants") and JULIO GIRALDO ("Individual Defendant") (Corporate

Defendants and Individual Defendant are collectively "Defendants"):

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 et seq. (Fair

Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal

question jurisdiction). Supplemental jurisdiction over Plaintiff's New York State law claims is

conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original

jurisdiction that they form part of the same case or controversy under Article III of the United States

Constitution.

2.      Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## NATURE OF THE ACTION

3.      Plaintiffs bring this action (a) pursuant to the Fair Labor Standards Act ("FLSA") and the regulations thereto; and (b) pursuant to the New York Labor Law ("NYLL" or "State Law") (§ 650 et seq.) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 et seq., on behalf of themselves and all other similarly situated employees, based upon the following acts and/or omissions which Defendants committed:

a. Defendants' misclassification of Plaintiffs and similarly situated employees as independent contractors, resulting in wage and hour violations under federal and state laws;

b. Defendants' failure to pay minimum hourly compensation required by federal and state law and regulations to Plaintiffs and similarly situated employees;

c. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiffs and similarly situated employees who worked in excess of forty (40) hours per week;

d. Defendants' failure to pay spread of hours compensation to Plaintiffs and a class of non-managerial employees who worked shifts which began and ended more than ten hours apart;

e. Defendants' unlawful practice of making deductions from employees' wages in violation of NYLL §193;

f. Defendants' retaliation under NYLL §215 against Plaintiffs for complaining about unlawful deductions to their pay; and

g.   Defendants' failure to provide Plaintiffs with wage notices and statements as required by NYLL § 195.

4.       Defendants knowingly violated Plaintiffs' rights and the rights of similarly situated employees under federal and state laws, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiffs would be economically and non-economically injured.

5.       Damages and other legal relief are sought pursuant to the FLSA and NYLL.

## PARTIES

### *Plaintiffs*

6.       Plaintiffs reside in Queens County in New York State.

7.       Plaintiffs were each employed as shippers by Defendants.

8.       Plaintiff Alvarado was employed by Defendants from 2018 until May 11, 2024.

9.       Plaintiff Taboada was employed by Defendants from 2018 until May 11, 2024.

10.      Prior to November 2019, Plaintiffs each worked out of an OnTrac location near John F. Kennedy International Airport.

11.      As of November 2019, Plaintiffs each worked out of an OnTrac location at 225 E Mineola Ave, Valley Stream, NY, 11501.

12.      Plaintiffs have each been employed by Defendants within the last six (6) years.

13.      Plaintiffs were at all relevant times "employees" within the meaning of federal and State Law.

14.      Plaintiffs received their paychecks from Individual Defendant from the beginning of their employment until June 2023, at which point they began to receive their paychecks through Corporate Defendant SUBCONTRACTING CONCEPTS, LLC d/b/a SCI.

### *Defendants*

15.    Upon information and belief, all Defendants operate jointly as a single integrated enterprise.

16.    Corporate Defendant LASERSHIP, INC. d/b/a OnTrac Final Mile ("OnTrac") is a last-mile parcel delivery service that delivers packages to residential customers across 35 states, including New York State. According to publicly available information, OnTrac operates a "hub-and-spoke" network of more than 102 locations and 18 sort centers throughout the United States. OnTrac hires individuals, such as Individual Defendant in this action, to oversee the employees, such as Plaintiffs, who scan, sort, load, and deliver OnTrac's packages.

17.    Corporate Defendant LASERSHIP, INC. d/b/a OnTrac Final Mile is a foreign business corporation registered to do business within the State of New York.

18.    Upon information and belief, Corporate Defendant ONTRAC LOGISTICS LLC maintains a place of business in Bronx County, New York, and is affiliated with Corporate Defendant LASERSHIP, INC. d/b/a OnTrac Final Mile.

19.    Corporate Defendant LI LOGISTICS CORP maintains a place of business at 446 EAST MEADOW AVE 307, EAST MEADOW, NY, 11554.

20.    Corporate Defendant SUBCONTRACTING CONCEPTS, LLC d/b/a SCI is a foreign business corporation registered to do business within the State of New York.

21.    Upon information and belief, at all times relevant hereto, Corporate Defendants have each been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

22.    Upon information and belief, at all relevant times hereto, Corporate Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

23.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. §
203(r).

24.     At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within
the meaning of the FLSA.

25.     Upon information and belief, Individual Defendant resides in the State of New York
and is an owner, manager, and/or employee of the Corporate Defendants.

26.     Individual Defendant is a natural person engaged in business in the State of New York,
who is sued individually in his capacity as an owner, agent, employee or officer of the Corporate
Defendants.

27.     Upon information and belief, Individual Defendant provided Plaintiffs and other
similarly situated employees with their pay and work instructions. Individual Defendant controlled the
amounts that Plaintiffs and other similarly situated employees were paid, the routes that they delivered
packages on, and their work schedules.

### DEFENDANTS' WAGE AND HOUR VIOLATIONS

### *Misclassification as Independent Contractors*

28.     Defendants have operated and continue to operate under a system, policy, and practice
of misclassifying their employees as independent contractors. Defendants thus attempted to evade the
recordkeeping requirements of the FLSA and NYLL, as well as the laws and regulations governing
minimum wages, overtime wages, and other wage and hour requirements of State and federal law.

29.     Plaintiffs and other similarly situated employees were paid according to the number of
packages which they delivered.

30.     Defendants required Plaintiffs and other similarly situated employees to create LLCs
through which they were paid.

31. However, Plaintiffs and other similarly situated employees were exclusively employed by Defendants.

32. Plaintiffs did not actually operate their own businesses under the mandated LLCs.

33. This policy was and is an intentional and willful attempt to evade wage and hour laws.

34. Plaintiffs were employees of Defendants, and not independent contractors.

35. Defendants' business is making deliveries to customers. Plaintiffs and other similarly situated employees were delivery persons. The work Plaintiffs performed was therefore integral to Defendants' business.

36. Plaintiffs and other similarly situated employees were required to download an application to their phones, called the ELLI App, to track how many packages they delivered. This application was connected to a system controlled and managed by OnTrac.

37. Plaintiffs and other similarly situated employees were also required to download a different application to their phones to navigate their routes.

38. Plaintiffs and other similarly situated employees worked exclusively for Defendants.

39. Plaintiffs and other similarly situated employees worked for Defendants on a full-time schedule.

40. Plaintiffs and other similarly situated employees did not invest any money of their own to participate in Defendants' business and did not stand to gain any profit if Defendants' business was successful or lose any money if Defendants' business failed.

41. Plaintiffs and other similarly situated employees did not have the power to negotiate rates or set prices for their services with Defendants.

42. Customers of the business(es) did not engage Plaintiffs directly for their services, and Plaintiffs were not able to communicate directly with customers by phone or text about their deliveries.

43.    Plaintiffs and similarly situated employees were not free to accept or reject customers or routes provided to them by Defendants.

44.    Defendants required Plaintiffs and other similarly situated employees to wear uniforms bearing the OnTrac logo. Plaintiffs were required to pay out of pocket for these uniforms.

45.    Plaintiffs' duties did not require any specialized skills, education, or certifications.

46.    Plaintiffs would be present at a warehouse location operated by Individual Defendant and his company, Defendant LI LOGISTICS CORP, up to 4 or 5 hours per day.

47.    Plaintiffs were required to load packages into their delivery vehicle at the warehouse and could only leave to make deliveries once they had a full load.

48.    Though Plaintiffs used their own vehicle(s) to make deliveries, they were required to display a magnet on their personal vehicle bearing the OnTrac logo while they were working.

49.    Defendants controlled and assigned delivery areas to Plaintiffs.

**Minimum and Overtime Wage Violations**

50.    Plaintiffs and other similarly situated employees were paid by package delivered.

51.    Because Plaintiffs and other similarly situated employees were paid by package delivered, they were therefore not guaranteed federal or State minimum wages for the hours they worked.

52.    Plaintiff Alvarado and Plaintiff Taboada were paid $2.15 per package delivered.

53.    Plaintiffs each regularly worked from 5:00 a.m. until 4:00 p.m., seven days per week. They did not take a break.

54.    Plaintiffs each therefore routinely worked 77 hours per week.

55.    For this work, Plaintiffs received between $1600 and $3,000 per week. Their pay varied based on number of packages delivered and the season, with November and December usually paying the most due to the volume of work.

56.    Plaintiffs and other similarly situated employees regularly worked more than 40 hours per week.

57.    However, Plaintiffs and other similarly situated employees were not paid at a rate of one and a half times their standard rate of pay for all hours worked beyond 40 per week.

### Unlawful Deductions under NYLL §193 and Retaliation

58.    Individual Defendant frequently deducted payment from Plaintiffs and their coworkers.

59.    Individual Defendant would deduct the value of packages that he groundlessly claimed were 'doubles.'

60.    Defendants also deducted $50-70 from Plaintiffs' pay each pay period for using the required delivery application.

61.    Defendants made further miscellaneous deductions from Plaintiffs' pay and the pay of similarly situated employees, including deductions categorized as a "program fee" and "postage fee."

62.    Plaintiff Taboada complained frequently over the course of 2023 about these deductions, especially deductions based on packages being allegedly "doubles."

63.    Upon information and belief, Individual Defendant terminated Plaintiffs in part in retaliation for Plaintiff Taboada's complaints regarding deductions to their pay.

### NYLL Spread-of-Hours

64.    Plaintiffs and other similarly situated employees frequently worked more than 10 hours in a single day.

65.     For each day when Plaintiffs worked more than 10 hours, Defendants failed to provide Plaintiffs with an additional hour of pay at the New York State minimum wage as required by 12 NYCRR 146-1.6.

### Notice and Recordkeeping Violations

66.     Defendants failed to provide Plaintiffs and other similarly situated employees with wage notices in compliance with NYLL § 195.

67.     Defendants did not provide Plaintiffs with notices specifying their rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

68.     In failing to provide proper wage statements and notices, Defendant(s) have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature.

69.     Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiffs' interests in ensuring proper pay.

70.     Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. See N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

71.     Here, Defendants' failure goes beyond generating a risk of harm to Plaintiffs and Class members. Defendants' conduct actually harmed Plaintiffs and Class members. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide

their wrong-doing, and necessitated the current litigation to vindicate Plaintiffs and Class members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants' failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees. Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

72.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiffs and Class members.

## COLLECTIVE ACTION ALLEGATIONS

73.     Plaintiffs bring this action on behalf of themselves and all similarly situated non-managerial employees who worked for Defendants within the statute of limitations period prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

74.     Upon information and belief, the FLSA Collective consists of over 40 employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by willfully denying them earned wages.

75.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

      a.    willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the appropriate premium overtime wages for all hours worked in excess of 40 hours in a workweek; and,

b.  willfully failing to record all the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

76.    Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiffs and the FLSA Collective.

77.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated workers can be readily identified and located through Defendants' records. The similarly situated workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

78.    Upon information and belief, those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

79.    Plaintiffs bring the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated non-managerial employees who work or have worked for Defendants within the six years and 228 days prior to the filing of this Complaint (the "Rule 23 Class").

80.    The class is so numerous that joinder of all members is impracticable because there are more than 50 members of the Rule 23 Class.

81.    There are questions of law or fact common to the class including but not limited to: whether Defendants maintained payroll records, and whether Defendants violated New York Labor Law overtime, spread-of-hours, wage notice and statement requirements.

82.    The claims or defenses of the representative parties are typical of the claims or defenses of the class because anyone would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment, work or worked for Defendants within

the statutory period, and sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

83.     Plaintiffs and the Rule 23 Class were all injured in that they were victims of Defendants' violations of the NYLL due to Defendants' common policies, practices, and patterns of conduct.

84.     The named Plaintiffs will fairly and adequately protect the interests of the class.

85.     Plaintiffs have retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

86.     There is no conflict between the named Plaintiffs and the Rule 23 Class members.

87.     Prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

88.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

89.     Class action treatment will permit a large number of similar people to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

90.     Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

91.     Questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy given (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

### FIRST CAUSE OF ACTION
### (Minimum Wage Violations under the FLSA)

92.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

93.     Plaintiffs consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

94.     At all times relevant, Plaintiffs and the members of the FLSA Collective and Rule 23 Class are, were or have been employees of Defendants within the meaning of 29 U.S.C. §§ 201 et seq.

95.     At all times relevant, Defendants have been employers of Plaintiffs and the members of the FLSA Collective and Rule 23 Class, engaged in commerce and /or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 et seq.

96.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to guarantee Plaintiff and the FLSA Collective and Rule 23 Class minimum wages.

97.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the FLSA Collective.

98.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

99.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and the members of the FLSA Collective and Rule 23 Class have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION
### (Overtime Wage Violations under the FLSA)

100.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

101.    Plaintiffs consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

102.    At all times relevant, Plaintiffs and the members of the FLSA Collective and Rule 23 Class are, were or have been employees of Defendants within the meaning of 29 U.S.C. §§ 201 et seq.

103.    At all times relevant, Defendants have been employers of Plaintiffs and the members of the FLSA Collective and Rule 23 Class, engaged in commerce and /or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 et seq.

104.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective and Rule 23 Class overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked in excess of forty per workweek.

105.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the FLSA Collective.

106.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

107.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective and Rule 23 Class have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

### THIRD CAUSE OF ACTION
**(Minimum Wage Violations under the NYLL)**

108.    Plaintiffs repeat, reiterate, and incorporate all foregoing paragraphs as if fully set forth herein.

109.    Defendants have failed to pay Plaintiffs and the Rule 23 Class the minimum wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

110.    Through their knowing or intentional failure to pay Plaintiffs and the Rule 23 Class minimum wages, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

111.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**(Overtime Wage Violations under the NYLL)**

112.    Plaintiffs repeat, reiterate, and incorporate all foregoing paragraphs as if fully set forth herein.

113.    Defendants have failed to pay Plaintiffs and the Rule 23 Class the premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

114.    Through their knowing or intentional failure to pay Plaintiffs and the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

115.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### (Failure to Notify under the NYLL)

116.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117.    Pursuant to §195(1) of the NYLL, within ten business days of Plaintiffs' hiring, Defendants were obligated to provide them with a notice describing, inter alia, their hourly regular and overtime rates of pay.

118.    Defendants failed to provide Plaintiffs or similarly situated employees with a notice in accordance with §195 of the NYLL.

119.    In failing to provide proper wage notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York

State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiffs' interests in ensuring proper pay.

120.    Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. See N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely. 140. Here, Defendants' failure goes beyond generating a risk of harm to Plaintiffs and Class members. Defendants' conduct actually harmed Plaintiff and Class members. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and Class members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees. Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

121.    Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiffs and Class members.

122.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CAUSE OF ACTION
**(Spread of Hours under the NYLL)**

123.    Plaintiffs repeat, reiterate, and incorporate all foregoing paragraphs as if fully set forth herein.

124.    N.Y. Comp. Code Rules & Regs. tit. 12 §§ 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which... the spread of hours exceeds 10 hours [in a day]." ("Spread of hours" compensation).

125.    N.Y. Comp. Code Rules & Regs. tit. 12 §§ 146-1.6 requires that "on each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

126.    Plaintiffs and the Rule 23 Class regularly worked more than ten (10) hours in a day.

127.    Defendants did not pay Plaintiffs and the Rule 23 Class an additional hour's pay when they worked more than ten (10) hours in a day.

128.    Consequently, by failing to pay to Plaintiffs and the Rule 23 Class an additional hour's pay when Plaintiffs and the Rule 23 Class worked more than ten (10) hours in a day, Defendants violated N.Y. Comp. Code Rules & Regs. tit. 12 §§ 142-2.4 and 146-1.6.

129.    By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and 12 NYCRR 146-1.6 and are liable to Plaintiffs and the Rule 23 Class in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**
**(Unlawful Deductions under the NYLL)**

130.    Plaintiffs repeat, reiterate, and incorporate all foregoing paragraphs as if fully set forth herein.

131.    By the acts and practices described herein, Defendants intentionally and willfully violated State Law by making unauthorized deductions from Plaintiffs' pay under NYLL § 193 and NYCRR §195-2.1

132.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL §§ 198 and 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**EIGHTH CAUSE OF ACTION**
**(Retaliation under NYLL §215)**

133.    Plaintiffs repeat, reiterate, and incorporate all foregoing paragraphs as if fully set forth herein.

134.    By the acts and practices described herein, Defendants intentionally and willfully violated State Law by terminating Plaintiffs because they complained regarding unauthorized deductions from Plaintiffs' pay under NYLL § 193 and NYCRR §195-2.1

135.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided

by NYLL §§ 198 and 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, and grant the following relief:

a. **Certification of a Collective Action**: Certify this action as a collective action under the FLSA, and authorize that notice be sent to all similarly situated individuals, allowing them the opportunity to join this action by filing written consent to opt-in.

b. **Certification of a Class Action**: Certify this action as a class action under Rule 23 of the Federal Rules of Civil Procedure with respect to Plaintiffs' claims under the NYLL.

c. **Economic Damages**: Award Plaintiffs full compensation for all economic losses incurred as a result of Defendants' unlawful conduct, including but not limited to lost past wages;

d. **Liquidated Damages**: Award liquidated damages under applicable laws, including the FLSA and NYLL, for Defendants' violations of wage and hour regulations.

e. **Attorneys' Fees and Costs**: Award Plaintiffs reasonable attorneys' fees, costs, and disbursements incurred in prosecuting this action, as permitted by the FLSA, and NYLL.

f. **Pre- and Post-Judgment Interest**: Award Plaintiffs pre- and post-judgment interest on all sums awarded, as permitted by law.

g. **Injunctive Relief**: Grant injunctive relief requiring Defendants to cease their unlawful employment practices and ensure compliance with the FLSA and NYLL.

h. **Further Relief**: Grant such other and further relief as the Court deems just,

equitable, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated: Astoria, New York
       January 10, 2025

SACCO & FILLAS, LLP

By: */s/ Madeline Howard*      
      Madeline Howard, Esq.
      3119 Newtown Ave, Seventh Floor
      Astoria, NY 11102
      Tel: 718-269-2251
      Fax: 718-679-9660
      mhoward@saccofillas.com
      *Attorneys for Plaintiff*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER

## LIABILITY FOR SERVICES RENDERED

TO: LASERSHIP, INC. d/b/a OnTrac Final Mile, ONTRAC LOGISTICS LLC, SUBCONTRACTING CONCEPTS, LLC d/b/a SCI,  LI LOGISTICS CORP

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of LASERSHIP, INC. d/b/a OnTrac Final Mile, ONTRAC LOGISTICS LLC, SUBCONTRACTING CONCEPTS, LLC d/b/a SCI,  LI LOGISTICS CORP for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York
January 10, 2025

SACCO & FILLAS LLP

By: _/s/ Madeline Howard_ _____
      Madeline Howard, Esq.
      3119 Newtown Ave, Seventh Floor
      Astoria, NY 11102
      Tel: 718-269-2251
      Fax: 718-679-9660
      mhoward@saccofillas.com
      *Attorneys for Plaintiff*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: LASERSHIP, INC. d/b/a OnTrac Final Mile, ONTRAC LOGISTICS LLC, SUBCONTRACTING CONCEPTS, LLC d/b/a SCI,  LI LOGISTICS CORP

PLEASE TAKE NOTICE, that Plaintiffs and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.


Dated: Queens, New York                     SACCO & FILLAS LLP
January 10, 2025

                                               By:    */s/ Madeline Howard*
                                                   Madeline Howard, Esq.
                                                   3119 Newtown Ave, Seventh Floor
                                                   Astoria, NY 11102
                                                   Tel: 718-269-2251
                                                   Fax: 718-679-9660
                                                   mhoward@saccofillas.com
                                                   *Attorneys for Plaintiff*

## CONSENT TO JOIN ACTION

### REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Por la presente doy mi consentimiento para ser parte demandante en una acción para recuperar salarios impagos, incluidos, entre otros, salarios mínimos, horas extras, distribución de horas, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me deben. y otros empleados en situación similar bajo la Ley federal de Normas Laborales Justas, la Ley Laboral de New York  y las regulaciones de implementación y órdenes salariales.

Por la presente autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que pueda ser necesario, y por la presente doy mi consentimiento, acepto y tengo la opción de convertirme en demandante en este documento y quedar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.


Name/ Nombre: _Juan Pablo Taboada
          Alvarado

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102


Signature/ Firma: _____     Date/ Fecha: ___24 - 06 - 2024___

## CONSENT TO JOIN ACTION

### REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Por la presente doy mi consentimiento para ser parte demandante en una acción para recuperar salarios impagos, incluidos, entre otros, salarios mínimos, horas extras, distribución de horas, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me deben. y otros empleados en situación similar bajo la Ley federal de Normas Laborales Justas, la Ley Laboral de New York y las regulaciones de implementación y órdenes salariales.

Por la presente autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que pueda ser necesario, y por la presente doy mi consentimiento, acepto y tengo la opción de convertirme en demandante en este documento y quedar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/ Nombre: _Nidia Taboada

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/ Firma: _____    Date/ Fecha: _06/24/2024.